UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN COURTOIS, | ) ) ) ) |
| Petitioner. | ) )  No. 4:10-MC-707 (CEJ) ) ) ) ) |

### ORDER

This matter is before the Court on the verified petition of Shawn Courtois to take his own deposition, pursuant to Rule 27, Fed.R.Civ.P.  Petitioner asserts that he has been diagnosed with terminal cancer and that he expects to be a party in an action "against St. Francois County, Missouri and others arising from the failure to diagnose and treat Petitioner's cancer while he was an inmate at the St. Francois County Jail." (Doc. #1).   Petitioner states that "his condition, both mental and physical, is fragile and unpredictable day-to-day." Id.  He further asserts that he cannot presently bring the action because his attorney "is in the process of completing an investigation into the allegations and issues raised by petitioner," and is not able to file a complaint that comports with Fed.R.Civ.P. Rule 11.  Id.  Petitioner expects to assert claims pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights.  Petitioner asks that the court waive the 21-day notice requirement of Rule 27, Fed.R.Civ.P.

In order to take a deposition to perpetuate testimony under Rule 27, Fed.R.Civ.P., the petition must show:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

> (B) the subject matter of the expected action and the petitioner's interest;
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed.R.Civ.P. 27(a)(1). Rule 27 also provides a notice and service requirement:

> At least 21 days before the hearing date, petitioner must serve each expected party with a copy of the petition and a notice stating the time and place of the hearing . . . in the manner provided in Rule 4 . . . The court must appoint an attorney to represent persons not served in the manner provided in Rule 4 and to cross-examine the deponent if an unserved person is not otherwise represented.

Fed.R.Civ.P. Rule 27(a)(2). "If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories." Fed.R.Civ.P. Rule 27(a)(3). Generally, it has been held that the purpose of Rule 27 is to prevent the loss of evidence; it is not a means for conducting prelitigation discovery. See In re I-35W Bridge Collapse Site Inspection, 243 F.R.D. 349 (D. Minn. 2007) (court may shorten 21-day notice requirement, but necessity of preventing loss of evidence not shown); In re Chao, No. 08-mc-56-JSS, 2008 WL 4471802 (N.D. Iowa 2008) (pending deportation of aliens sufficient to perpetuate pre-filing testimony under Rule 27; comparing cases that allowed or denied waiver of 21-day notice requirement).

The Court finds that petitioner's assertions satisfy the requirements of Fed.R.Civ.P. 27(a)(1). Indeed, his assertions are similar to those in other cases in which a petitioner has been allowed to take his own deposition before filing

a complaint.  See In Smith v. Booth, No. 08-MC-18-MJR-CJP, 2008 WL 2004669 (S.D. Ill. 2008).  The Court further finds that, given petitioner's precarious health condition, it is appropriate to waive the 21-day notice requirement.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Shaw Courtois to permit pre-suit deposition to preserve his own testimony is  [Doc. #1] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of November, 2010.